NOT DESIGNATED FOR PUBLICATION

No. 122,183

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

SUSAN K. WEYHRICH,
*Appellee*,

and

STEPHEN S. WEYHRICH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Opinion filed June 5, 2020. Affirmed in part and dismissed in part.

*Stephen S. Weyhrich*, appellant pro se.

*Paul M. Kritz*, of Hall, Levy, Devore, Bell, Ott & Kritz, P.A., of Coffeyville, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: This appeal concerns a custody dispute between Stephen Weyhrich and Susan Weyhrich. Without the benefit of legal counsel, Stephen appeals several orders the court entered that limit his contact with his four minor children and seeks primary residential custody of the children. Stephen claims that the judge who decided this matter demonstrated bias against him. We are not so persuaded.

1

We will not address any child support question, as the district court has not yet made a final decision because we lack jurisdiction to review mere temporary orders. We can, only review final decisions disposing of the entire merits of a case. See K.S.A. 2019 Supp. 60-2102(a)(4).

To clarify our ruling about jurisdiction, some case history is helpful. Stephen and Susan were divorced in Arkansas in April 2018. The Arkansas divorce decree made no child-custody determination or other orders about the minor children. Then, relying on the Uniform Child Custody Jurisdiction and Enforcement Act, K.S.A. 23-37,201 et seq., Susan petitioned the Montgomery County District Court in January 2019 to establish custody, parenting time, and child support. Along with the petition, she moved to obtain temporary child custody and support orders. The motion alleged that she had de facto custody of the children. She referred to "an incident that occurred in November 2018" and alleged that Stephen had no overnight parenting time and limited in-person visits with the children since that incident.

The district court issued ex parte temporary orders the next day and awarded Susan temporary custody. Stephen was permitted regular phone contact and a mealtime visit every other week with the children. Stephen was ordered to pay temporary child support.

After hearing evidence from both sides, the court, in a memorandum decision, granted the parties joint legal custody with primary residential custody in favor of Susan, subject to Stephen's limited parenting time of one mealtime visit every other week. The court ordered family counseling "focused on repairing the relationship between the father and the children; with the aspiration of working towards regular parenting time for the father in the future." The court ordered that any other parenting time be recommended by a counselor and agreed to by Susan.

2

The court held that final child support would be determined later and set a hearing for November 13, 2019, on child support and continued the temporary child support until modified. Stephen filed a pro se notice of appeal on November 1, 2019.

At the November hearing, the matter was continued to December 4, 2019. Stephen was ordered to pay over $11,000 in unpaid temporary child support. Stephen filed pro se objections to that order, alleging inadequate representation, lack of notice that someone would be called as a witness, the court had no authority to issue the temporary child support order, bias, and denial of due process. A hearing was scheduled for December 4, 2019. But our record ends before that hearing.

With these facts from the record that show the district court did not make a final order on child support, our reasons for dismissing that portion of Stephen's appeal become manifest. We simply do not have jurisdiction of temporary orders. We do not render advisory opinions. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).

That said, we will, however, review Stephen's claims of bias on the part of the district judge. On appeal, Stephen contends that:

- the district judge demonstrated bias against him by granting the ex parte temporary orders with no probability of abuse or neglect under Shawnee County District Court Rule 3.401(2)(a);
- the court should have considered his concerns that the children were suffering from "parental alienation syndrome" because Susan did not foster a healthy relationship between him and the children; and
- there was not substantial evidence to support the district court's decision limiting his parenting time to only one meal every other week with the children.

He seeks primary residential custody of the children.

*Stephen has the burden to show bias.*

As an appellate court, we have unlimited review over allegations that the trial judge was biased. *State v. Moyer*, 306 Kan. 342, 369-70, 410 P.3d 71 (2017). But the existence of bias by a judge must be established with proof. *Flannery v. Flannery*, 203 Kan. 239, 241, 452 P.2d 846 (1969). The party alleging bias bears the burden of establishing that the judge was biased and that the bias prejudiced the party's substantial rights. *State v. Hudgins*, 301 Kan. 629, 637-38, 346 P.3d 1062 (2015).

Stephen argues that since there was no showing of a "probability of abuse or neglect" as required by Shawnee County District Court Rule 3.401(2)(a) the judge must have been biased to issue such a temporary order. Obviously, that court rule does not apply in Montgomery County District Court. And Stephen does not present us, nor does he argue, that such a rule exists in Montgomery County.

But more importantly, we note that this was a temporary ex parte order issued at the start of this litigation. The actions taken by the judge after its issuance are important for us to decide whether the judge was biased against Stephen. After a full evidentiary hearing, the district court entered much the same custody order. That order superseded the temporary order. Questions on appeal concerning the sufficiency of evidence to support the temporary custody order are rendered moot by the later entry of a final order. *In re A.E.S.*, 48 Kan. App. 2d 761, Syl. ¶ 3, 298 P.3d 386 (2013).

The judge heard evidence on the matter and talked to the oldest children. After hearing all of this, the court continued limiting Stephen's unsupervised contact with his children but created a way for those relationships to improve. The court emphasized that through family counseling, these matters could improve. The court did not slam the door

4

on Stephen, preventing him from having any future meaningful contact with his children. To the contrary, the judge set the case goal of joint custody. In fact, the court ordered joint custody to both parents. The court could have ordered sole custody to Susan but did not do so. We do not see any sign of bias on the part of the district judge here.

Now we turn to Stephen's claims of parental alienation by Susan. A district judge's paramount consideration in making these decisions is the child's welfare and best interests. The district court's unique vantage point of what is often an emotionally charged situation, means that an appellate court generally will not overturn these decisions unless the court abused its discretion. See *Cheney v. Poore*, 301 Kan. 120, 128, 339 P.3d 1220 (2014). Challenges to specific factual findings in support of these determinations are reviewed to ensure that they are supported by substantial competent evidence and they support the court's legal conclusions. See *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 704, 229 P.3d 1187 (2010).

In determining custody and residency, the trial court must consider all relevant factors including the desires of the children "of sufficient age and maturity." K.S.A. 2019 Supp. 23-3203(a)(3). The court was permitted by K.S.A. 23-3209 to interview the children in chambers. We do not know if this interview was recorded. A recording is not part of the record on appeal. The statute contemplates that the interview need not be recorded unless there is a request by a party. K.S.A. 23-3209. But this court has cautioned that the better practice is for the court to automatically record such interviews. *Talbot v. Pearson*, 32 Kan. App. 2d 336, 341-42, 82 P.3d 854 (2004).

The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. Supreme Court Rule 6.02(a)(4) (2020 Kan S. Ct. R. 34) requires that factual statements made in briefs must be keyed to the record by volume and page number. This court may presume that a factual statement made without a reference to a volume and page number has no support in the

5

record. Supreme Court Rule 6.02(a)(4); *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Basically, this means that the burden is on Stephen to designate a record that supports his claim of parental alienation.

Here, the court interviewed the older children in chambers and determined the children were not comfortable or secure in Stephen's home. The court directed the parties to engage in family counseling "with the aspiration of working towards regular parenting time for the father in the future." Stephen has not shown that the district court's decision was unsupported by substantial evidence. Stephen cites no testimony or other evidence offered at the evidentiary hearing to support his claim of parental alienation, as none was contained in the record for this appeal. Most of Stephen's alleged facts have no record citation, or the record citation does not match the asserted fact. Simply put, Stephen's asserted facts have no support in the record. This court cannot review the evidence to determine whether the district court's findings were supported by substantial evidence with no record of the evidentiary hearing to review.

Stephen also argues that Susan is not complying with the district court's order because, among other things, she does not communicate with him about decisions for the children. But whether the district court was in error for making this order and whether the parties are following the order are two different things. This court cannot take evidence on whether Susan is violating the court's order. That is a question that must first be addressed in the district court.

We now address Stephen's contention that there was not enough evidence that supports the court's limitation of his contact with his children to one meal every other week, pending a family counselor's recommendation. We are hampered in our review by a sparse record on appeal. No transcript of the evidence is in the appellate record. Stephen argues there are all sorts of facts to the contrary but gives us no citations to the record that support his allegations.

We are mindful of the fact that the district court took evidence on these matters and talked with the older children. But with no real record that would compel us to reverse the court, we must affirm the court's ruling.

We dismiss Stephen's claim about temporary child support. All other issues are affirmed.

Affirmed in part and dismissed in part.